United States District Court
Southern District of Texas
**ENTERED**
February 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD NEAL WINFREY, TDCJ #01365252, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. H-13-253 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

# MEMORANDUM AND ORDER

Petitioner Clifford Neal Winfrey ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and forty-year term of imprisonment for aggravated robbery. (Docket Entry No. 1). Respondent[1] has filed a Motion for Summary Judgment (Docket Entry No. 18), to which Petitioner has filed a Traverse in response (Docket Entry No. 19). After considering the pleadings, motion, response, record, and applicable law, the Court will grant Respondent's motion for summary judgment and dismiss this habeas petition.

## I.  Background

On June 24, 2005, Petitioner was charged for aggravated robbery in an indictment which alleged, in pertinent part:

> Clifford Neal Winfrey, Jr., hereafter styled the Defendant, heretofore on or about MAY 30, 2005, did then and there unlawfully, while in the course of committing theft of property owned by AARON GRIFFIN and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place AARON GRIFFIN in fear of imminent bodily injury and death, and the Defend[]ant did then and there use and exhibit a deadly weapon, to-wit: A

---

[1] Effective May 1, 2016, Lorie Davis succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Davis is substituted in place of Stephens as the respondent in this case.

KNIFE.[2]

The indictment also alleged that Petitioner had two prior felony convictions, one for burglary of a habitation and one for possession of a controlled substance.[3] On January 30, 2006, Petitioner pled guilty in an open plea and pled true to the two felony enhancements in Cause No. 1028859 in the 174th District Court of Harris County, Texas.[4] The trial court deferred sentencing until a pre-sentence investigation could be conducted and subsequently held the punishment hearing on April 12, 2006. *See Winfrey v. State*, 01-06-00473-CR, 2007 WL 1844425, at *1 (Tex. App–Houston [1st Dist.] Jun. 28, 2007, pet. ref'd) (unpublished op.). At the punishment hearing, the trial court heard testimony from Petitioner, Petitioner's mother, and the complainant, found Petitioner guilty and the felony enhancements true, and sentenced Petitioner to 40 years in prison.[5]

Petitioner filed a notice of appeal, and the state intermediate court of appeals affirmed his conviction on June 28, 2007. *See Winfrey*, 2007 WL 1844425, at *2. The Texas Court of Criminal Appeals refused his petition for discretionary review on January 16, 2008. *See In re Winfrey*, PD-1034-07 (Tex. Crim. App. 2008). On June 29, 2008, Petitioner filed an application for habeas corpus relief in state court.[6] At the state habeas court's request, Mr. Elihu Dodier, trial counsel for Petitioner, submitted an affidavit in response to Petitioner's ineffective assistance of

---

[2] State Habeas Corpus Record ("SHCR"), Docket Entry No. 15-7 at 9 of 73 ("Indictment").

[3] *Id*.

[4] *See* Docket Entry No. 1, at 2-3, 9 ("Petition"); *see also* SHCR, Docket Entry No. 15-4 at 76-81 of 87 ("Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession; Admonishments").

[5] *See id.*; *see also* SHCR, Docket Entry No. 15-4 at 8 of 87 ("State Application for Habeas Corpus").

[6] State Application for Habeas Corpus at 17 of 87.

counsel claims.[7] Petitioner alleges, as his sole remaining issue,[8] that trial counsel failed to inform him of a plea offer of 30 years (Issue Two). Trial counsel testified:

> Response to Issue Number Four: All plea offers were presented to and extensively discussed with Applicant. The twenty-five (25) year offer was presented to Applicant and since Applicant was charged as a habitual offender, he was advised that twenty-five (25) years was the minimum sentence a jury could assess if he was found guilty.[9]

Counsel also testified:

> Response to Issue Number Five: All plea offers were presented to and extensively discussed with Applicant. The thirty (30) year sentence was also presented, explained and discussed with Applicant. All plea offers were rejected by Applicant.[10]

The State habeas court found that the facts stated in trial counsel's affidavit were true and made the following findings relevant to Petitioner's sole remaining issue:

> 11. Trial counsel informed Applicant of all plea offers tendered by the State, and Applicant rejected all of these plea offers;
>
> . . .
>
> 19. The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.[11]

On April 9, 2014, the Court of Criminal Appeals denied relief without a written order on the findings of the trial court.[12] Petitioner timely filed the instant petition under 28 U.S.C.

---

[7] *Id.* at 58-59 of 87 ("Dodier Affidavit").

[8] Petitioner had originally raised claims regarding his duress defense but acknowledges in his traverse that he waived all non-jurisdictional defects by a valid guilty plea. *See* Docket Entry No. 19 at 4. Further, it appears that Petitioner no longer contends that he was not informed of the 25-year deal. *See id.*; *see also* SHCR, Docket Entry No. 15-4 at 30 of 87.

[9] Dodier Affidavit at 58 of 87.

[10] *Id.*

[11] *Id.* at 63-64 of 87 ("Findings of Fact and Conclusions of Law").

[12] SHCR, Docket Entry No. 15-1, Action Taken Sheet.

§2254, and Respondent filed a motion for summary judgment. This case is ripe for adjudication.

## II.     Standard of Review

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, in any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of initially raising the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.,* 37 F.3d 224, 227 (5th Cir.1994).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence. *See Harrington v. Richter,* 562 U.S. 86, 103 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. §

2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted).

AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Richter,* 562 U.S. at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99.

Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent, *Richter*, 562 U.S. at 102, or where the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2); *see also Miller v. Thaler*, 714 F.3d 897, 901 (5th Cir. 2013). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007).

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("Even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). Thus, AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Id*. (citation omitted); *see also*

*Wilson v. Cain,* 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

On federal habeas review under § 2254(d)(2), state court factual determinations are not unreasonable "merely because [the federal court] would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Supreme Court has explained that "even if [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (citation and internal quotation marks omitted).

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 185. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id*.

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir.1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines,* 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail,* 975 F.2d 192, 193 (5th Cir. 1992).

**III. Ineffective Assistance of Counsel for a Guilty Plea**

The Constitution guarantees a fair trial for criminal defendants through the Due Process Clause, but the basic elements of a fair trial are defined largely by the Sixth Amendment, which conveys the right to have the effective assistance of counsel. *See* U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984); *see also McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (observing that "the right to counsel is the right to the effective assistance of counsel"). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, to prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (citing *Strickland*, 466 U.S. at 687-88), *cert. denied*, 547 U.S. 1041 (2006). "'[A] habeas court must determine what arguments or theories supported or, as

here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.'" *Miller*, 714 F.3d at 902 (citing *Richter*, 131 S. Ct. at 786.). "Put simply, both the *Strickland* standard and the AEDPA standard are 'highly deferential' and 'when the two apply in tandem, review is "doubly" so.'" *Id.* (citations omitted).

The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart,* 474 U.S. 52, 57–58 (1985). "In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether 'the result of the proceeding would have been different,' 466 U.S. at 694[], requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Missouri v. Frye*, 132 S. Ct. 1399, 1409–10 (2012). In addition to showing a reasonable probability he would have accepted an earlier plea, a habeas petitioner must also show that "if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1410.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance

affected the outcome of the plea process." *Hill,* 474 U.S. at 58. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland,* 466 U.S. at 695–96. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696.

Petitioner claims that trial counsel was ineffective because he allegedly did not inform Petitioner of the state's plea offer of thirty years. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408.

The state habeas record reflects that trial counsel submitted an affidavit testifying that he informed Petitioner of both the twenty-five year offer and the thirty-year offer, extensively discussing each offer with Petitioner, and that Petitioner rejected both offers.[13] The state habeas court entered findings of fact and conclusions of law finding that all plea offers were presented to Petitioner and were rejected.[14] Petitioner challenges these findings, pointing out that he did not sign the page upon which it states that he rejected the thirty-year deal.[15] Petitioner contends that this clearly shows that he was never informed of the offer.

Under the AEDPA, the federal court reviewing a habeas petition defers to the factual findings of the state habeas court unless those findings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Here, there is evidence in the record to show that trial

---

[13] *See* Dodier Affidavit.

[14] *See* Findings of Fact and Conclusions of Law, No. 11.

[15] *See* SHCR, Docket Entry No. 15-4 at 31 of 87 (Agreed Setting Sheet).

counsel presented all plea offers and that Petitioner rejected those offers. The determination by the state habeas court that trial counsel notified and discussed with Petitioner all of the offers for plea deals is based on competent evidence in the record and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Without more, Petitioner's lack of signature on the setting sheet stating that he had rejected the thirty-year offer does not overcome the presumption that the state habeas court's factual determination was not unreasonable and was based on evidence in the record.

Petitioner relies on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), to argue that trial counsel rendered deficient performance, but *Frye* is distinguishable from the case here.  In *Frye*, there was no indication in the record that trial counsel had ever informed his client of the plea deal. *Frye*, at 132 S. Ct. at 1405 (noting that the state court of appeals had found that the "record is void of any evidence of any effort by trial counsel to communicate the Offer to Frye during the Offer window").  Thus, the *Frye* Court deferred to the fact findings of the state court, whereas Petitioner asks this Court to do the opposite here.  Unlike *Frye*, the state habeas court concluded that trial counsel had presented all offers to Petitioner, and there is competent evidence in the record to support that finding.[16] Under these circumstances, the Fifth Circuit has upheld the denial of federal habeas relief.  *See, e.g., Miller*, 714 F.3d at 902 (affirming denial of habeas relief and noting that "the state habeas court expressly found that '[n]othing in the record . . . indicate[d] that counsel failed to convey any plea offers from the State'"); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995) (affirming denial of habeas relief and finding, based on the affidavit of trial counsel and a letter from the defendant, that the record supported the finding that trial counsel had informed defendant of the plea offers).

Because the state court factual determination that Petitioner knew of the offer and

rejected it is adequately supported in the record, the Court must presume that it is correct. *Teague*, 60 F.3d at 1171. From the record before the Court, the state habeas court did not unreasonably apply clearly established federal law when it determined that Petitioner had voluntarily and knowingly entered pleas of guilty because he had been informed of all of the plea offers from the state. *See* 28 U.S.C. § 2254(d)(1). Further, the state's determination that counsel had presented all plea offers and that the totality of the representation provided Petitioner with effective assistance of counsel was not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Accordingly, Respondent is entitled to summary judgment, and Petitioner is not entitled to habeas relief, because Petitioner failed to show that trial counsel's performance fell below the objective standard required by *Strickland*. *Id*.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not

only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

V.     **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.     Respondent's motion for summary judgment (Docket Entry No. 18) is **GRANTED**.

2.     The habeas corpus petition is **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 28th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE